IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-528
(3:06-CR-436)

| | |
|---|---|
| LAMONT EUGENE THOMPSON ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and the Government's Response in support, (Doc. No. 2). For the reasons that follow, the motion will be granted.

I. BACKGROUND

On May 16, 2008, Petitioner pled guilty to possessing a firearm after being convicted of a crime punishable for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), without the benefit of a plea agreement.[1] (Case No. 3:06-cr-436, Doc. No. 17: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to seventy months' imprisonment followed by three years' supervised release and entered judgment on August 11, 2008. (Id., Doc. No. 25: Judgment). Petitioner did not appeal his conviction or sentence. According to the Bureau of Prisons' website, he was released from confinement and began his term of supervised release on December 12, 2012.

On August 17, 2012, Petitioner filed the instant § 2255 motion claiming he is not a felon under § 922(g)(1) in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because

---

[1] A plea agreement had been filed, (Case No. 3:06-cr-436, Doc. No. 16), but at the Rule 11 hearing the defendant elected to plead straight up, (Doc. No. 17: Acceptance and Entry of Guilty Plea at 4).

his predicate convictions for Possession of Marijuana with Intent to Distribute did not expose him to more than one years' imprisonment. (Doc No. 1 at 2). The Government filed a response agreeing Petitioner is entitled to relief with the waiver of its statute of limitations defense. (Doc. No. 3 at 7).

II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

A. Relief under 28 U.S.C. § 2255

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations period for the filing of a motion to vacate, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government has elected to waive "in the interests of justice." (Doc. No. 3: Response at 4). Petitioner has been released from custody, but he remains on supervised release and stands convicted of a federal felony. These continuing consequences satisfy the "case or controversy requirement" of Article III, § 2, of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (former prisoner must show "concrete and continuing injury" to maintain habeas action following release from confinement). For this reason, and, in light of the Government's

waiver of the statute of limitation defense, the Court may consider the merits of Petitioner's claim.

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). However, in Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison." Therefore, it is retroactively applicable. Id.

Here, Petitioner and the Government agree, and court records confirm, that Petitioner's prior convictions could not have resulted in a sentence of more than one year in prison. (Doc.

No. 1: Motion at 2, Exhibit 1; Doc. No. 3: Response at 7). The combination of the Government's waiver of the statute of limitations and the Fourth Circuit's ruling in <u>Miller</u> compels vacatur in the circumstances of this case.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his criminal conviction in Case No. 3:06-CR-436, (Doc. No. 1), is **GRANTED**, and Petitioner is discharged.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: 1/16/2014

Robert J. Conrad, Jr.
United States District Judge